# Borough of Gouldsboro' *versus* Township of Coolbaugh.

By Acts of Assembly the eastern bank of the Lehigh river was made the western boundary of the county of Monroe. Opposite Coolbaugh township in said county and on said river is situated the borough of Gouldsboro', in Luzerne county, whose eastern boundary in its act of incorporation is defined to be the Lehigh river. Section 34 of the Act of June 13th 1836, directs, "that where a small creek over which a bridge shall be necessary shall be the boundary, or on the division line of townships, the bridge shall be built and maintained at the joint and equal expense of the said townships." The borough built a bridge across the Lehigh and brought an action against the township to recover one-half the cost thereof under the provisions of the Act of 1836. *Held*, that the river was not on the boundary line and the action could not be maintained. *Held further*, that the action could not be maintained because the case of a bridge built over a stream on the boundary of two counties is regulated by the 46th section of the Act of 1836, and to build such a bridge authority must be first obtained from the Courts of Quarter Sessions of the respective counties.

[Borough of Gouldsboro' *v.* Township of Coolbaugh.]

April 2d 1878.   Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ.

Error to the Court of Common Pleas of *Monroe county :* Of January Term 1878.   No. 207.

Assumpsit by the borough of Gouldsboro' against the township of Coolbaugh, to recover one-half the cost of erecting a bridge across the Lehigh river.

The jury found a special verdict, the material portions of which were these: "That by the Acts of Assembly of September 25th 1786, and April 17th 1795, the east bank of the Lehigh river was made the boundary or division line between Luzerne and Monroe counties, the east bank being on the Monroe county side ; that by the Act of May 12th 1871, the village of Gouldsboro' in Luzerne county was incorporated into a borough, and the Lehigh river is named in said act as the southern boundary thereof; that the township of Coolbaugh is on the opposite side of said river (which at this point is a small unnavigable stream), the east bank thereof being the boundary line of said township ; that in 1857, a public road was laid out, beginning in Coolbaugh township, opposite Gouldsboro', and in the same year a bridge was built, by private subscription, to connect therewith at that point ; that in the year 1875, this bridge was burned down ; that the proper borough authorities of Gouldsboro' thereupon duly notified the supervisors of said Coolbaugh township, and requested them to join the authorities of Gouldsboro' in rebuilding said bridge ; that the supervisors refused to join in rebuilding the bridge, or to contribute anything for that purpose, and denied their liability to do so; that thereupon the borough authorities of Gouldsboro', by her proper officers, rebuilt the said bridge, and before bringing the present suit, demanded from the supervisors of Coolbaugh township, the one-half of the costs and expense of rebuilding said bridge, which, or any part of it, said supervisors refused to pay.   If the court should be of the opinion that the plaintiff, upon these facts, was entitled to recover, then judgment was to be entered for said borough for $155.13 ; if otherwise, then for defendant.

The court, Dreher, P. J., entered judgment for the defendant in an opinion, inter alia, saying :

"The General Assembly have said that the southern boundary of the borough shall be the Lehigh river.   But this may be considered a too literal and technical construction, in view of the fact that the old division line is the east bank of the river, and that the division line in or along the river bank, wherever it may be, is rather to be taken as the boundary of the borough, on the river side.   In the view we take of the case, this question is of no importance, for granting that the lines of the borough are to be extended across the river to the east bank, we still think the case does not come within the provisions of the 34th section of the Act of 13th June 1836.

6 NORRIS—4

[Borough of Gouldsboro' *v.* Township of Coolbaugh.]

That section provides that 'where a small creek, * * * shall be on the boundary òr on the division line of a township, the bridge shall be built and maintained at the joint and equal expense of the said townships, by their respective supervisors, in the manner directed by law in the case of public roads, which may be the division line of townships.' The 10th section of the same Act of 13th June 1836, provides that 'public roads or highways which have been or shall be laid out on a line which divides two townships, shall be opened * * * at the joint and equal charge of such townships; and if either township shall in any such case, necessarily incur more than its due proportion of such charge, it shall be lawful for such township to recover from the other township,' &c. Now it will be observed that the 10th section provides for the case of a road laid out on a division line between two townships; the same expression as in the case of a bridge where a small creek shall be on the boundary or division line. It will hardly be contended that where a road is laid out along and immediately adjacent to a division line, between two townships, but wholly in one, it is on the line in the sense and meaning of the 10th section. So it seems to me that a creek, the east bank of which is the boundary or division line between two townships, cannot be said to be on the boundary or division line, in the sense and meaning of the 34th section of the Act of 13th June 1836.''

The plaintiff took this writ, assigning this entry of judgment for error.

*Stephen Holmes, Jr.*, for plaintiff in error.—It was undoubtedly the intention of the legislature to make the river the boundary between the two counties, and the case is within the spirit and reason of the Act of 1836.

*J. B. Storm*, for defendant n error.—The Acts of 1786 and 1795, make the eastern bank of the river Lehigh the boundary line between the parties. It is beyond dispute that the bank of the river and not the river itself is made the dividing line. If the river had been intended and not the bank, why not have said so ? Why the eastern bank in preference to the western ? The legislature, twice, with an interval of nine years, uses the identical language each time in defining this boundary line. The road is not "on" the division line within the meaning of the Act of 1836 : Roaring Creek Road, 1 Jones 356. The road, to be within the provisions of that act, must be one-half within one county and the other half in another.

The opinion of the Supreme Court was entered May 6th 1878, PER CURIAM.—The court below decided this case on the ground that the Lehigh river was not on the line dividing the township of

[Borough of Gouldsboro' *v.* Township of Coolbaugh.]

Coolbaugh from the borough of Gouldsboro'. When Luzerne county was struck off from the territory now constituting Monroe county, the division line was made the east bank of the Lehigh river. On this ground the court held that the case did not fall within the 34th section of the General Road Law of 13th June 1836, which directs, that where a small creek over which a bridge may be neces-·sary, shall be on the boundary, or on the division line of *townships*, the bridge shall be built and maintained at the joint and equal expense of the said townships, by their respective supervisors, &c. But it is immaterial whether the river in this instance be considered on the division line, as the case is clearly not within the 34th section on another ground. In the case of the Borough of Pottsville *v.* Norwegian Township, 2 Harris 543, it was held that the law throws the duty of building a bridge on the supervisors, who are required to proceed at once and perform the duty. Therefore, when one party proceeds and builds, after notice to the other, the law raises an assumpsit to contribute. But this is not the case where a stream lies on the boundary of counties. Such case is regulated by the 46th section of the Road Law. There a bridge cannot be built by the supervisor, but authority must come from the Courts of Quarter Sessions of the respective counties, each of which shall appoint three viewers, and a report made to each court; after which these courts shall, together with the grand juries and commissioners of the respective counties, in all other respects, have and exercise concurrent jurisdiction and discretion therein. Thus it is evident there cannot be any erection of the bridge until the requisite authority is obtained, and consequently no assumpsit can arise. If it be conceded that the county line throws the stream in this instance wholly within the county of Luzerne, then no liability can arise on that ground, for it does not lie on the boundary of the counties. In either aspect the judgment must be affirmed.

Judgment affirmed.